varrete (wife), and Esther Navarrete (daughter) have filed a petition for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial of their applications for the cancellation of removal. Petitioners maintain the United States citizen daughter of Eduardo and Maria Esther Navarrete, Sara Navarrete, will suffer exceptional and extremely unusual hardship if they are required to return to their native Mexico. Petitioners contend the Immigration Judge (IJ) and the BIA erred in finding Sara Navarrete would not suffer such hardship. Petitioners further contend the IJ erred when he refused: to subpoena one of their witnesses; and to consider all of their documentary evidence.

This court lacks jurisdiction to review an IJ's hardship determination in the context of a cancellation of removal application because it is a discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilmore v. Gonzales*, 455 F.3d 524, 526–28 (5th Cir. 2006); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir.2004). Accordingly, the petition is dismissed to the extent it seeks review from the decision to deny cancellation of removal.

Petitioners also claim the denial of cancellation of removal violated their due process rights. We have jurisdiction to consider this legal question. *Hernandez–Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 40, 166 L.Ed.2d 18 (2006). The contention is unavailing, however, as Petitioners' "[e]ligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection". *Mireles–Valdez v. Ashcroft*, 349 F.3d 213, 219 (5th Cir.2003) (internal quotation marks and citation omitted). To the extent Petitioners challenge the denial of cancellation of removal on due process

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grounds, the petition is denied. To the extent Petitioners assert the IJ violated their due process rights when he refused to subpoena their witness and consider their evidence, the record establishes that the IJ did not violate Petitioners' due process rights.

PETITION DISMISSED IN PART; DENIED IN PART.

Kelly ZEIGLER, Plaintiff—Appellant

v.

BP AMERICA PRODUCTION COMPANY, Defendant— Appellee.

No. 06–31205.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 2007.

Lawrence Blake Jones, David Christopher Whitmore, Scheuermann & Jones, New Orleans, LA, for Plaintiff–Appellant.

Peter L. Hilbert, Jr., Kevin Michael McGlone, Sher Garner Cahill Richter Kelin & Hilbert, New Orleans, LA, for Defendant–Appellee.

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

UNITED STATES of America,
Plaintiff–Appellee

v.

Barry Charles DOCKERY,
Defendant–Appellant.

No. 07–50167
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 2007.

Ellen A. Lockwood, Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Bertrand C. Moser, Law Office Bertrand C. Moser, Houston, TX, for Defendant–Appellant.

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Barry Charles Dockery was convicted by a jury on the following charges: possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); unlawful possession of an unregistered firearm in violation of 26 U.S.C. § 5861; possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); conspiracy to distribute and to possess with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)–(D), 846; possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of marijuana with intent to distribute, in violation of 21 U.S.C.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.